**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark Andrew CHRISTENSEN,**
**Defendant–Appellant.**

**Nos. 10–30246, 10–30239.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2011.*

Filed June 23, 2011.

Marcia Kay Hurd, Esquire, Assistant U.S. Attorney, Leif Johnson, Assistant U.S. Attorney, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM **

Mark Andrew Christensen appeals from the sentence imposed following remand. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Christensen contends that the district court erred by failing to *sua sponte* order an inquiry "to determine whether Christensen's relationship with his lawyer had deteriorated to the point where appointment of new counsel on re-sentencing was required." Christensen's claims lack merit because the cases he cites discuss situations wherein a defendant made a request or motion for new counsel. *See Cook v. Schriro,* 538 F.3d 1000, 1016 (9th Cir.2008) (citing *United States v. Robinson,* 913 F.2d 712, 716 (9th Cir.1990)).

To the extent that Christensen is raising an ineffective assistance of counsel claim

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on direct appeal, "[h]ere, the record is not sufficiently developed and [Christensen's] counsel was not so inadequate as to obviously deny [Christensen's] Sixth Amendment right to counsel. We therefore decline to consider [Christensen's] claims of ineffective assistance on direct appeal." *See United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.